# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Tracy Dean Miller,<br>   Petitioner,<br>-vs-<br>Dora B. Schriro, et al.,<br>   Respondents. | CV 05–1769–PHX–NVW (CRP)<br><br>REPORT AND<br>RECOMMENDATION |

     Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2254 filed by Petitioner Tracy Deean Miller. ("Petition," Docket #1). Petitioner is being held at the Arizona Department of Corrections based on convictions in Maricopa County Superior Court for child molestation and sexual conduct with a minor.

     Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Charles R. Pyle for a report and recommendation. The Magistrate Judge recommends the District Judge, after independent review of the record, enter an order **denying** counts one through thirteen of Petitioner's Petition for Writ of Habeas Corpus as moot due to the untimeliness of the petition.

## I. INTRODUCTION

The Petitioner raised thirteen grounds for relief all which must be denied because the petition was not raised in a timely manner under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1). The AEDPA gives petitioner a one-year deadline from the date his case became final. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). Petitioner's case became final on October 27, 2000. Petitioner filed his habeas claim on June 22, 2005, over 4 years late. This report will review how the AEDPA's one-year deadline ran in this case, and why equitable tolling is inapplicable.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On January 29, 1993, a jury found Petitioner guilty of 4 counts of child molestation and 7 counts of sexual misconduct with a minor. (Respondent's Answer, hereinafter Answer, Exhibit A, R.O.A., Item I). The trial court sentenced Petitioner to 153 years. (*Id*. Item 89).

On March 16, 1993, Petitioner filed a petition for post-conviction relief to the Maricopa County Superior Court and, at the same time, filed an appeal with the Arizona Court of Appeals. (*Id.* Items 128, 142-44). On November 23, 1994, the trial court dismissed Petitioner's Petition for post-conviction relief by finding that Petitioner's counsel did not provide ineffective assistance. (*Id.* Item 146). The Arizona Court of Appeals affirmed Petitioner's convictions and sentence and denied review of the trial court's denial of post-conviction relief. (Id. Item 156). Petitioner sought review of his appeal in Arizona State Supreme Court. (*Id.* Item 149). On April 2, 1996, the Arizona

Supreme Court denied review. (*Id.* Item 157).

On September 6, 1996, Petitioner petitioned for a Writ of Habeas Corpus. (Answer, Exhibit B, Item 530). On March 16, 1998, the U.S. District Court denied Petitioner's Petition because he did not satisfy the requirement to exhaust his state remedies. (*Id.* at Item 30) (*citing Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (per curium) (holding dismissal is proper where Petitioner has failed to exhaust his state court remedies), *cert. denied*, 455 U.S. 1023 (1982). The Arizona Court of Appeals then reopened Petitioner's appeal and Petitioner filed a supplemental brief. (Answer, Exhibit A, R.O.A., Item 166; Answer Exhibit C.). On January 21, 1999, the Arizona Court of Appeals addressed Petitioner's five claims, found no reversible error, and affirmed Petitioner's sentences and convictions. (*Id.* at Item 186, at 3-10). On July 30, 1999, the Arizona Supreme Court denied review.[1] (Answer Exhibit D).

On July 8, 2003, the Petitioner filed his second petition for post conviction relief. On July 25, 2003, the state trial court dismissed Petitioner's second petition for raising claims that "were or should have been raised in the direct appeal or in the first Rule 32 proceeding." (Answer, Exhibit A, R.O.A. Items 190 and 194). The Arizona Court of Appeals denied review on January 8, 2005. (Answer, Exhibit E). On June 13, 2005 Petitioner filed this petition for Writ of Habeas Corpus.

---

[1] Order and Mandate was filed by the Arizona Court of Appeals on August 24, 1999.

## III. DISCUSSION

The writ of habeas corpus is available to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The District Court's standard of review reads:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### A. Timeliness

Petitioner's Writ of Habeas Corpus Petition must be denied because it was filed over four years late. In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA). The Act created a one-year statute of limitations for all cases that would become final after April 24, 1996. For all the cases that would have become final before that date, the statute of limitations would be up, April 24, 1997, one year from the date of enactment.

A judgment becomes final after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Arizona Supreme Court denied Petitioner's petition for review July 30, 1999. (Answer, Exhibit D). Petitioner then had 90 days to seek review in the U.S. Supreme Court. SUP. CT. R. 13. Once the 90-day time limitation had run the

Arizona Supreme Court's decision became final and the one-year deadline began running. *See* 28 U.S.C. § 2244(d)(1)(A). Therefore, absent any statutory or equitable tolling, the statute of limitations for Petitioner's habeas claim expired on October 27, 2000.

**B. Statutory Tolling**

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C.A § 2244(d)(2). Time tolled must be equivalent to the "entire period in which a petitioner is appropriately pursuing and exhausting his state remedies." *Nino v. Galaza*, 183 F.3d 1003, 1004 (9th Cir. 1999). Statutory tolling occurs during the time a petitioner is making proper use of state court procedures. *See King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003) (per curium).

To determine whether petitioner was making proper use of state court procedures the petitioner must pass a two-part test. *Id.* First, the petitioner must demonstrate that his "subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition." *Id.* If not, then the time between the petitioner's petitions is not tolled. *Id.*; *see also Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002). If the claims raised in the first round of collateral review are complete when the courts ruling becomes final the petitioner is not entitled to tolling. *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003). If petitioner passes this first test then the petitioner's petition must have been denied on the

merits. If it is denied on the merits, the gap is tolled. *King*, 340 F.3d at 823. If the petitioner's petition was deemed untimely, the gap is not tolled. *Id.*

Petitioner also fails to find an exception under *Nino*. The facts in *Nino* deal with equitable tolling when a petitioner is appropriately appealing denials of his petition for post conviction relief. 183 F.3d at 1006-1007. Petitioner's second petition for post-conviction relief, filed July 8, 2003, was not related to his first petition. The state trial court dismissed Petitioner's second petition for raising claims that "were or should have been raised in the direct appeal or in the first Rule 32 proceeding." (Answer, Exhibit A, R.O.A. Item 194). Assuming that Petitioner is entitled to file more than one Petition for Post-Conviction Relief,[2] Petitioner cannot restart the AEDPA's statute of limitations by filing actions in state court after the AEDPA's statute of limitations had already expired. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). Therefore, Petitioner fails the first test and the time in between Petitioners two petitions for post-conviction relief is not tolled.

**C.  Equitable Tolling**

This Court reads Petitioner's response to the State's answer for Writ of Habeas Corpus to claim exceptions to the one-year filing deadline based on equitable tolling. The 9th Circuit holds that the statute of limitations can be tolled

---

[2]  Petitioner's second petition was denied because the claims raised "either were or should have been raised in the direct appeal or in the first Rule 32 proceeding." (Answer, Exhibit A, R.O.A. Item 194).

if "the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant" or "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Alvarez-Machain v. U.S.*, 107 F.3d 696, 701 (9th Cir. 1996). *Jefferson v. Budge*, decided by the 9th Circuit is of particular relevance to Petitioner's claim.

A district court errs by dismissing a petition without first offering petitioner the choice of exhausting unexhausted claims by returning to state court or abandoning those claims and pursuing the remaining exhausted claims in federal court. Petitioner is then entitled to equitable tolling "from the date a mixed petition was dismissed until the date a new federal habeas petitions is filed, assuming ordinary diligence." *Jefferson v. Budge*, 419 F.3d 1013 (9th Cir. 2005).

Although the district court, which dismissed Petitioner's original habeas claim did not offer the Petitioner the right to pursue his remaining exhausted claims in federal court, Petitioner was not diligent in his second petition for Writ of Habeas Corpus. Therefore, the exception laid out in *Jefferson* will not help Petitioner's claim.

Petitioner's mixed petition was dismissed on March 15, 1998, for failure to exhaust his state court remedies. (Answer, Exhibit B, Item 30). Thereafter, the Arizona Court of Appeals reopened Petitioner's appeal, and allowed him to file a supplemental brief. (Answer, Exhibit A, R.O.A., Item 166; Answer, Exhibit C.). On January 21, 1999, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. The Supreme Court of Arizona denied review on July 30, 1999. (Answer, Exhibit D). Provided that all filings were timely up to this

date, Petitioner did not file his second petition for post conviction relief until July 8, 2003, nearly five years after the Arizona Supreme Court's denial of review. Petitioner then did not file this Petition for Writ of Habeas Corpus until June 22, 2005, seven years after petitioner's mixed petition was dismissed and nearly six years after Petitioner's first petition for post conviction relief, including his supplemental brief which included his previously unexhausted claims, was dismissed. Therefore, barring any extraordinary circumstances, Petitioner's Petition for Writ of Habeas Corpus does not fall under the equitable tolling exception.

**D.  Extraordinary Circumstances**

Extraordinary circumstances that might toll the one-year filing deadline set forth by the AEDPA must be "beyond a prisoner's control" and make it "impossible to file a petition on time." *Calderon v. U.S. Dist. Ct.* 128 F.3d 1283, 1288 (9th Cir. 1997).  A petitioner may make a claim of equitable tolling if he has pursued his rights diligently and that some extraordinary circumstances stood in his way.  *See e.g., Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990). Due diligence is witnessed where an inmate makes complaints about his or her ability to do research.  *See Roy v. Lampert*, --- F.3d ---, 2006 WL 2708608, *5 - *6 (9th Cir. 2006) (due diligence demonstrated (1) where inmate, found guilty on two counts of first-degree sodomy in Oregon, made complaint to the State of Oregon Governor's Advocate for Public Safety and the Corrections Ombudsman that Arizona's facility did not have sufficient legal resources or (2) where it is evident

that inmate had been to the prison law library and knew that they contained no books discussing the AEDPA). Further, it is important that Petitioner provide specificity "regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." *Id.* at *6 (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)).

In 1996, the U.S. Supreme Court held that an inmate does not have an "abstract free-standing right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 350 (1996). Inmates only have some right to assistance so as to present a "non-frivolous" claim. In order to make a claim that an inmate's constitutional right to access the courts has been violated, the prisoner must establish that his claim has been "frustrated or was being impeded" by the prison. *Id.* at 353.

According to the Arizona Department of Corrections Department Manual an inmate's "legal access to the courts system relies on five specific groups of individuals. . ." including designated staff, paralegals, legal access monitors, ADC attorneys, and inmates. AZ DEP'T CORR. R. 902.03. Further, "[a]rrangements shall be made for inmates who have limited access to the Unit Library to meet with paralegals, to review legal resource materials, or to obtain forms or photocopies." AZ DEP'T CORR. R. 902.08.

Petitioner states that he falls under the "extraordinary circumstances" exception to the AEDPA's one year filing deadline because "once the law library closed, the Petitioner was barred from private research, thus, unilaterally removing Petitioner's choice of personal safety or his Right to prosecute his appeal. But

once sex offender units were established, the Petitioner actively sought assistance with his case and any appellate issues from this author." (Petitioner's Response, hereinafter Response, Pg. 3).  However, petitioner does not provide the court with any specifics on how the Arizona Department of Corrections impeded Petitioner's ability to do legal research.  Nor does Petitioner make any showing that his safety would have been compromised by speaking to paralegals who are provided to Department of Correction inmates.

Petitioner's Petition was filed over four years late.  Petitioner cannot restart the AEDPA's statue of limitations by filing actions in state court after the AEDPA's statute of limitations has expired and Petitioner provides no specific examples of how the prison has impeded his ability to timely file his Petition for Writ of Habeas Corpus.  Therefore, the Magistrate Judge recommends that the District Court deny Petitioner's Petition for Writ of Habeas Corpus.

**IV.  CONCLUSION**

For the forgoing reason, the Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order **denying** the Petitioner's Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 10 days ob being served  with a copy of this report and recommendation.  If objections are not filed on time, the party's right to *de novo* review may be waived.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).  If objections are

1  filed, the parties should direct them to the District Court by using the following

2  case number:  CV 05-1769-PHX-NVW

3

4  The Clerk is directed to send a copy of this Report and Recommendation to all parties.

5       Dated this 1st day of November, 2006.

6

7  */s/ Charles R. Pyle*

8  CHARLES R. PYLE
9  UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28